### VISANSKA v. COHEN et al.

(District Court, N. D. Georgia. October 16, 1908.)

BANKRUPTCY (§ 303*) — FRAUDULENT TRANSFERS BY BANKRUPT — RECOVERY OF PROPERTY BY TRUSTEE.

A finding by a special master that a conveyance of real estate by a bankrupt shortly before his bankruptcy was merely colorable and without consideration, and made for the purpose of defrauding creditors, and that his trustee in bankruptcy was entitled to recover the same as a part of his estate, under Bankr. Act July 1, 1898, c. 541, § 70, subd. "e," 30 Stat. 566 (U. S. Comp. St. 1901, p. 3452), as amended by Act Feb. 5, 1903, c. 487, § 16, 32 Stat. 800 (U. S. Comp. St. Supp. 1907, p. 1032), *held* supported by the evidence.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 462; Dec. Dig. § 303.*]

In Equity. On report of special master.

Slaton & Phillips and Dodd & Dodd, for complainant.
Etheridge & Etheridge, for defendant.

NEWMAN, District Judge. By consent of counsel this case was referred to Chas. T. Hopkins, Esq., special master. He has heard the evidence in the case and has submitted a report. Exceptions to the report were filed before the special master and overruled by him.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The exceptions have been renewed in the District Court. This case is peculiarly of that class where the report of the master is valuable and where it is entitled to great weight. The reference was by consent, and the special master was agreed to by the parties. It deals with the question as to whether the sale of certain real estate in the city of Atlanta, made by Cohen, who soon afterwards was adjudged a bankrupt, to Weiner, was a bona fide transaction, made in good faith for a valuable consideration, or whether it was a mere colorable transaction, fraudulent in character, and made for the purpose of defrauding creditors. The master finds the latter to be true.

Cohen claims to have gone to Washington, D. C., and to have there sold to Weiner (without any previous negotiations having taken place) a house and lot in the city of Atlanta for the sum of $3,000. Weiner and Cohen claim that Weiner had loaned to Cohen's son some time previously $300, and to Cohen's wife shortly thereafter $500. These sums, aggregating $800, were allowed as part of the purchase price, and the claim is that $2,200 was paid by Weiner in currency. Cohen claims that he brought this $2,200 to Atlanta and paid it out on what he calls "confidential debts." He introduced a number of witnesses, who say that he paid them various sums of money. The master evidently did not believe them. Not a single piece of writing was introduced to show that he owed any of these debts, or any receipts for the same when they were paid. Weiner's business and the evidence with reference to his surroundings and condition indicate that he must be a man of small means. He claims to have borrowed $700 of the money he paid Cohen; $400 from his sister, and $300 from a close personal friend. No notes or evidence of indebtedness of any kind were offered to show that any such transaction really took place. Weiner claims to have had the other $1,500 in currency at his home in Washington.

Cohen made no effort whatever to sell the property in Atlanta before leaving for Washington. He was in the whisky business in Atlanta, and all this occurred about the time of the passing of the prohibition law by the Legislature in Georgia, whereas he concedes he was in bad shape financially. Cohen was in possession of the property when the bankruptcy proceedings were instituted, and is still in possession. He claims to be paying rent to Weiner under a lease which he obtained from him for a year, after he made the deed for the property to Weiner. An extract from the report of the special master is as follows:

"Upon the hearing it was contended in behalf of the trustee that the transaction in question was fraudulent, under different views of sections 60b, 67e, and 70e of the bankruptcy act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 562, 565, 566 [U. S. Comp. St. 1901, pp. 3445, 3449, 3452]), as subsequently amended (Act Feb. 5, 1903, c. 487, §§ 13, 16, 32 Stat. 799, 800 [U. S. Comp. St. Supp. 1907, pp. 1031, 1032]). Narrowed down to a practical basis, the controversy in question upon the trial assumed the phase of whether a bona fide transaction occurred in Washington, D. C., between defendants Cohen and Weiner. The testimony and agreed stipulation of facts introduced has convincingly led to a conclusion with reference to the facts which renders resort to legal standards practically unnecessary. Upon considering all the evidence introduced, I am reasonably satisfied that no such transaction as is stated by defendants Cohen

and Weiner occurred in Washington, and that the purported deed is colorable only, and is intended for the protection of defendant Cohen. I desire some-what at length to give the reasons that have induced this conclusion, in order that, if a review is desired, there will be no difficulty in placing the finger upon the error committed."

The master then sets out in considerable detail the facts surrounding this alleged transaction, which I have endeavored to summarize briefly above. The special master then concludes his report as follows:

"In conclusion, upon the facts I find that Cohen was the owner of a house and lot; that he knew his bankruptcy was inevitable; that he applied to a relative of his wife in Washington to protect him to the extent of his home, by entering into a bare, colorable transaction; that he did not in good faith and for a valuable consideration sell his home to Weiner; that no consideration was paid by Weiner to him; that Weiner knew at the time the financial condition of Cohen, and entered into the scheme for the purpose of protecting Cohen; that the alleged sale was made for the purpose and with the intent of hindering, delaying, and defrauding Cohen's creditors; that almost immediately upon his return to Atlanta he consented to be adjudged a bankrupt and to the appointment of a receiver; that Mr. Harris, a close mutual friend of both Cohen and Weiner, received the deed in question, the lease from Weiner to Cohen, and selected Messrs. Etheridge to represent both Cohen and Weiner. It is, of course, needless to say that Messrs. Etheridge had nothing to do with the transaction prior to the active institution of the bankruptcy proceedings, and were in no way cognizant of nor responsible for what transpired. I further find that the trustee is legally entitled to and is the owner of the property in question, and a decree to that effect should be entered."

The evidence before the master is certainly sufficient to sustain, and I think it fully sustains, the report. The conclusions the master draws are justified by the facts, and consequently the exceptions will be overruled and the report confirmed.

A decree may be taken in favor of the trustee for the property in controversy.